People v Lawrence (2021 NY Slip Op 05644)





People v Lawrence


2021 NY Slip Op 05644


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Ind No. 1470/12 Appeal No. 14378 Case No. 2014-02349 

[*1]The People of the State of New York, Respondent,
v
Curtis Lawrence, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered May 20, 2014, as amended on June 19, 2014, convicting defendant, after a jury trial, of attempted robbery in the first degree (two counts), attempted robbery in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification, and its evaluation of expert testimony. DNA evidence connecting defendant to the crime was sufficiently corroborated by the testimony of an identifying eyewitness.
The testimony of an analyst that linked defendant's DNA to DNA found on a revolver recovered at the crime scene did not violate defendant's rights under the Confrontation Clause. The analyst's testimony demonstrated her own "independent analysis of the raw data" to make the comparison, and the analysis was not merely "a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315 [2016]).
Defendant did not preserve the specific arguments he makes on appeal regarding the analyst's qualifications, the defendant's speedy trial motions, the prosecutor's summation and the grand jury presentation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021